UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TANYA RENEE ROBBINS and<br>EDWARD GEORGE GASSEL,<br><br>Plaintiffs,<br><br>v.<br><br>TONYA SHEARIN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:17-CV-147 ACL |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiffs Tanya Robbins and Edward Gassel for leave to proceed in forma pauperis in this civil action. The Court has reviewed the financial information submitted in support, and will grant the motions. The Court will also dismiss the complaint, without prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations. However, this does not mean that pro se complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. Plaintiffs allege that between March 1 and March 7, 2017, defendants took actions that resulted in their children being removed from Ms. Robbins custody. Plaintiffs' allegations state as follows (in part):

> Joe Tiffany came to my house on a hotline call which was unsubstantiated child abuse. He had my son pull his pants down outside without my permission he talked to my son without my permission then started to enter my house without permission. He trespassed, no warrant, no informing me of my rights to an attorney then and there.
>
> March 1, 2017, Joe Tiffany also had lied and said my house stunk like cats the thing is when you first step into place you smell propane heater next to door. He told me to remove my children, clean the place, and agree to intensive home services. I told him if it would allow me to keep my children I would do anything. I did what I was told. Then on March 2-3 he went to ex-husband's place where my children were at the girl since March 1. The boy had been there since Feb. 27. He intimidated my ex-husband into letting him in his place, once again trespass, no warrant. Said the place was fine for the children to stay at.

> March 6th Joe Tiffany came again to my house, said the place was better, did not say my children couldn't be there, said he put the order in for intensive home services, said he would call when it went through somewhere between March 1 and March 7. I had called his supervisor Laurie Grimes and complained about everything Joe Tiffany did. First she told me he could do whatever he wanted and hung up on me. When I tried to call her back she absolutely refused to answer the phone. March 7th ISS workers Sarah Hill and another woman along with Tonya Shearin caseworker now and ISS supervisor Brittany Robbins on the phone another started bullying me and demanding I let them see my whole place. I told them my bedroom was off limits they said then we can't give you the services, so since I didn't want my children taken I let them see the whole place. They looked in the bathroom saw the floor and automatically assumed it was weak. Then they started demanding I get rid of all my cats. I told them I would put the cats outside but they said no you have to get rid of all of them. I still refused and said I would let my ex-husband have guardianship of my children until I had stuff done.

Attached to plaintiffs' complaint are nineteen pages of additional facts and accusations regarding plaintiffs' children's custody proceedings. Plaintiffs also quotes the Bill of Rights and several Missouri state statutes, but do not allege facts to support any claim under these laws. For relief, plaintiffs seek damages for pain and suffering and also seek $80,000 from defendants for refusal to place the children in the home of a family of friend.

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court has concluded that it fails to state a claim upon which relief can be granted. First, the allegations in the complaint are duplicative of many of the allegations plaintiffs have previously brought in four separate cases before this Court: (1) 1:17-CV-53 ACL (E.D. Mo. filed Jun. 29, 2017) (dismissed for lack of diversity jurisdiction); (2) 1:17-CV-54 ACL (E.D. Mo. filed Jun. 29, 2017) (dismissed pursuant to domestic relations exception); (3) 1:17-CV-79 (E.D. Mo. filed Jun 23, 2017) (dismissed pursuant to domestic relations exception); and (4) 1:17-CV-134 SNLJ, (E.D. Mo. filed Oct. 31, 2017) (dismissed for failure to state a claim). All four cases have been dismissed pursuant to 28 U.S.C. § 1915(e). As a result, the complaint will be dismissed as duplicative.

*E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Additionally, this case falls under the domestic relations exception and will be dismissed for this reason. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.* Here, plaintiffs are asking the Court to determine that Tiffany and the other named defendants in the caption committed wrongdoing in connection with state child custody proceedings, and that they suffered damages as a result. In addition to other relief, plaintiffs ask the Court to award them $80,000 from defendants for their refusal to put the children in a family or friend's home.

Because plaintiffs' complaint is duplicative of four other cases Ms. Robbins has brought before this Court, and because this matter falls under the domestic relations exception, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis are **GRANTED**. [ECF Nos. 4 and 6]

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE